UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN P. KELLY. et al., | ) | CASE NO. 5: 05 CV 1964 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| HARWICK STANDARD | ) | MEMORANDUM OPINION |
| DISTRIBUTION CORP., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon Defendant Harwick Standard Distribution Corporation's Motion To Dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) against Plaintiffs Steven Kelly and Arlene Kelly (collectively "Plaintiffs"). (ECF # 6.) For the reasons set forth below. Defendant's Motion is GRANTED.

I. BACKGROUND[1]

Defendant employed Plaintiff Steven Kelly from September 16, 1980 until December 13, 2004. On October 29, 2004, Mr. Kelly notified Defendant that he would undergo major surgery on December 16, 2004. and that he would be off work for approximately 42-84 days (6-12 weeks). On December 13, 2004. Defendant terminated Plaintiff's employment.

On July 7, 2005. Plaintiff Steven Kelly and his wife, Arlene Kelly, filed a four-count Complaint against Defendant, alleging a violation of the Family Medical Leave Act ("FMLA") (Count I). wrongful discharge in violation of public policy (Count II), promissory estoppel (Count III), and intentional infliction of emotional distress (Count IV).

---

[1] The Court's recitation and use of these facts in resolving the instant Motion to Dismiss is based upon the parties' statements of fact as set forth in the respective pleadings.

## II. STANDARD OF REVIEW

In this case, Defendant has moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). More specifically, Defendant seeks to dismiss Plaintiffs' claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).

Where the defendant asks the court to dismiss the plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court need only determine whether it has jurisdiction over the plaintiff's claims. The Sixth Circuit has adopted two standards of dismissal under Rule 12(b)(1), depending upon whether the movant makes a facial or factual attack on the plaintiff's complaint. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack merely questions the sufficiency of the pleadings. In reviewing a facial attack, the court shall apply the same standard applicable to Rule 12(b)(6) motions. On the other hand, where a district court reviews a plaintiff's complaint under a factual attack, the court does not presume that the plaintiff's allegations are true. In such cases, the court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. *See id.*; *see also Tennessee Protection & Advocacy, Inc. v. Board of Educ.*, 24 F. Supp. 2d 808, 812-13 (M.D. Tenn. 1998). The case at bar involves a facial attack on the sufficiency of Plaintiff's pleadings. Thus, the Court must apply the same standard applicable to Rule 12(b)(6) motions.

Where a defendant asks a court to dismiss for failure to state a claim under Rule 12(b)(6), the court may not dismiss the claim unless it is apparent beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether the facts presented in a complaint support a claim upon which

relief can be granted, the district court is to liberally construe the facts in the light most favorable to the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); 52 CHARLES A. WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 304 (2d ed. 1990). However, a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The essence of the court's inquiry is to determine whether the allegations satisfy the mandate of the Federal Rules that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). As such, extrinsic evidence may not be considered by the court. *See Minatsis v. Brown*, 713 F. Supp. 1056, 1059 (S.D. Ohio 1989). It is with these standards in mind that the Court now examines the instant Motion to Dismiss.

### III. DISCUSSION

Defendant sets forth two arguments in its Motion to Dismiss. First, Defendant claims that Arlene Kelly is not an appropriate plaintiff in this case, on the grounds that she lacks standing to assert any claim and fails to articulate any claim. Second, Defendant asserts that Plaintiffs are precluded from asserting a public policy claim because the FMLA provides remedies that protect the interests of both Mr. Kelly and society. The Court addresses these arguments in turn.

### A. Claims Brought By Plaintiff Arlene Kelly

Plaintiffs have made clear that the sole cause of action brought by Plaintiff Arlene Kelly is the intentional infliction of emotional distress ("IIED") claim embodied in Count IV of the Complaint. The Supreme Court of Ohio, in *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of America, et al.*, 6 Ohio St. 3d 369, 374 (1983), set forth the

3

elements of IIED. "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. . . ." *Id.* at 374 (citing Restatement (Second) of Torts § 46(1) (1965)). Emotional distress is severe if "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh et al. v. Hanks et al.*, 6 Ohio St. 3d 72, 78 (1983). Examples of serious emotional distress "include traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id.*

In the instant matter, Mrs. Kelly is unable to state a claim for IIED, because she cannot demonstrate that any emotional distress that she has suffered was an intended result of Defendant's conduct. As such, her claim for IIED fails, and Defendant's Motion to Dismiss is GRANTED as it applies to Count IV of the Complaint brought by Mrs. Kelly.

**B.     Public Policy Claim**

Ohio does not recognize a claim for wrongful discharge in violation of public policy when the cause of action is based on an alleged violation of the FMLA. *See Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240 (2002). As the Ohio Supreme Court has stated:

> Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. In that situation, the public policy expressed in the statute would not be jeopardized by the absence of common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct.

*Id.* at 244 (citations omitted). Because a plaintiff cannot bring a cause of action for wrongful discharge in violation of the public policy embodied in the FMLA under Ohio law, Defendant's Motion to Dismiss is GRANTED as it relates to Count II of the Complaint.

4

## IV. CONCLUSION

Based upon the foregoing, Defendant's Motion To Dismiss is GRANTED (ECF # 6). More specifically, Count IV of the Complaint is dismissed to the extent that it is brought by Mrs. Kelly, and Count II of the Complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: November 2, 2005